UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDY FORET FOR H.S.M.D.                   CIVIL ACTION

VERSUS                                       NO. 14-54

SOCIAL SECURITY ADMINISTRATION               SECTION "F" (3)

REPORT AND RECOMMENDATION

Brandy Foret filed this action on behalf of her minor daughter ("plaintiff") pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.     BACKGROUND

Plaintiff filed an application for SSI on November 29, 2010, alleging a disability onset date of September 1, 2009. (Adm. Rec. at 122-27). Plaintiff alleged disability due to Attention Deficit Hyperactivity Disorder ("ADHD"), dyslexia, and dysgraphia. (*Id.* at 163). Plaintiff, born on September 12, 2004, was 4 years old on the date on which she alleged disability and 7 years old at the time of the final administrative decision. (*Id.* at 122). Plaintiff is in elementary school and has no past work experience. (*Id.* at 165).

Defendant initially denied plaintiff's application on January 7, 2011. (*Id.* at 61). Plaintiff sought an administrative hearing, which defendant held on February 6, 2012. (*Id.* at 38-60). Plaintiff's mother, Brandy Foret, testified at the hearing.

On June 26, 2012, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff had not been disabled through the date of the decision. (*Id.* at 21-32). In the decision, the ALJ concluded that plaintiff has the severe impairments of ADHD, mood disorder, and learning disorder. (*Id.* at 24). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.*). Specifically, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings under 20 C.F.R. §§ 416.924(d) and 416.926(a). (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 16-17). On September 26, 2013, the Appeals Council denied plaintiff's request. (*Id.* at 9-13). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.

2

*Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992).  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.   *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental

impairment is so severe that he is unable to do not only his previous work, but cannot, considering

his age, education and work experience, participate in any other kind of substantial gainful work

which exists in significant numbers in the national economy, regardless of whether such work exists

in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired

if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations

that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 -

404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a five-step

evaluation process for determining whether an impairment prevents a person from engaging in any

substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th

Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any
> substantial gainful activity by reason of any medically determinable physical or
> mental impairment which can be expected to result in death or which has lasted or
> can be expected to last for a continuous period of not less than 12 months." To
> determine whether a claimant is disabled, and thus entitled to disability benefits, a
> five-step analysis is employed. First, the claimant must not be presently working at
> any substantial gainful activity. Second, the claimant must have an impairment or
> combination of impairments that are severe. An impairment or combination of
> impairments is "severe" if it "significantly limits [a claimant's] physical or mental
> ability to do basic work activities." Third, the claimant's impairment must meet or
> equal an impairment listed in the appendix to the regulations. Fourth, the impairment

> must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence."  *Id*.

**IV.     ISSUE ON APPEAL**

There is one issue on appeal:

(1)     Whether substantial evidence supports the ALJ's conclusion that plaintiff does not have an impairment or combination of impairments that functionally equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

## V.    ANALYSIS

**1.    Whether substantial evidence supports the ALJ's conclusion that plaintiff does not have an impairment or combination of impairments that functionally equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.**

At step three of the sequential evaluation process, the ALJ determined that plaintiff does not have an impairment or combination of impairments that met, medically equals, or functionally equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Adm. Rec. at 24); 20 C.F.R. § 416.924(a).  To do so, the ALJ determined the degree of limitation of each of six functional equivalence domains, including: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926(a). For functional equivalence, the child's impairment(s) must result in "marked" limitation in two domains of functioning or "extreme" limitation in one domain.  *Id.*  Here, the ALJ concluded that plaintiff has less than marked limitations in acquiring and using information, attending and completing tasks, and interacting and relating with others.  (Adm. Rec. at 24-32)  And plaintiff has no limitation in moving about and manipulating objects, caring for herself, and health and physical well-being.  (*Id.*).  The ALJ carefully considered the entire record, including, but not limited to, the opinion evidence in accordance with 20 C.F.R. § 416.927 and Social Security Rulings ("SSR") 96-2p, 96-5p, 96-6p, and 06-3p.

Subsumed within the aforementioned issue is plaintiff's argument that the ALJ erred when she accorded more weight to the opinion of the consultative examiner, Dr. S.F. Fontenelle, than to

6

the opinion of her treating physician, Dr. Leslie Ber.  Plaintiff contends that the ALJ failed to give any reason why she accorded more weight to the opinion of Fontenelle than that of Ber.

The opinion of the treating physician who is familiar with a claimant's impairments, treatments and responses, should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence."  *Martinez*, 64 F.3d at 176 (citing 20 C.F.R. § 404.1527(d)(2)).  "The opinion of a specialist generally is accorded greater weight than that of a non-specialist."  *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994).

Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status."  *Id.*  "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'"  *Id.*  The treating physician's opinions are not conclusive. *See Brown*, 192 F.3d at 500.  The opinions may be assigned little or no weight when good cause is shown.  *Greenspan*, 38 F.3d at 237.  Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically-acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.  *See Brown*, 192 F.3d at 500; *Greenspan*, 38 F.3d at 237; *Paul*, 29 F.3d at 211.

SSA Regulations provide that the SSA "will always give good reasons in [its] notice of

determination or decision for the weight [it gives the claimant's] treating source's opinion" and list

factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician

when the ALJ determines that it is not entitled to "controlling weight." *See* 20 C.F.R. §

404.1527(d)(2).   Specifically, this regulation requires consideration of:

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

The regulation is construed in Social Security Ruling ("SSR") 96–2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted even if it does not meet the test for controlling weight.

SSR 96-2p, 61 F.R. 34490, 34491 (July 2, 1996).  SSR 96-5p provides, with respect to "Residual

Functional Capacity Assessments and Medical Source Statements," that "[a]djudicators must weigh

medical source statements under the rules set out in 20 C.F.R. 404.1527 . . ., providing appropriate

explanations for accepting or rejecting such opinions."  SSR 96-5p, 61 F.R. 34471, 34474 (July 2,

1996).

Both sides point to evidence that supports their arguments.  But, as noted above, this Court

may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the

Commissioner.  *Carey*, 230 F.3d at 135 (5th Cir. 2000).  The Commissioner is entitled to make any

finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas*, 503 U.S. at 112-13. Conflicts in the evidence are for the Commissioner to resolve, not this Court. *Carey,* 230 F.3d at 135. This Court must uphold any of the Commissioner's findings of fact that are supported by substantial evidence; such findings are conclusive. *Ripley*, 67 F.3d at 555.

The ALJ accorded more weight to the opinion of Fontenelle than to that of Ber. Plaintiff contends that the ALJ failed to adequately explain why she did so. But that is error. The ALJ first noted that Ber is a pediatrician and "is not trained to offer opinions regarding mental health." (Adm Rec. at 27), like Fontenelle. She also noted that treatment records were sparse, even though the testimony revealed that Ber had been treating plaintiff since the age of three. (*Id.*). She also found that Ber's conclusions were inconsistent with her own records that revealed that plaintiff was "doing good" with medication. (*Id.*). Ber's medical records reveal that plaintiff was "doing good" on her prescribed medication, which included Suprax, Focalin, Intuniv (used to treat ADHD), and Abilify (used to treat bipolar disorder). (*See id.* at 293, 298). It is well-established law that a medical condition that can reasonably be remedied by prescription medicine is not disabling. *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

The ALJ also noted that although Fontenelle only examined plaintiff on one occasion, his conclusions were consistent with test results "and the observations conducted by the Terrebonne Parish School Board and Family Behavioral Health Center." (Adm. Rec. at 27). She concluded that plaintiff had less than marked limitations in acquiring and using information, noting that "[d]espite some noted problems with reading and spelling," plaintiff performs in the low average-to-average

9

range of intelligence.  (*Id.* at 28, 232-33, 352).  Plaintiff is now on the 504 Plan at school and is receiving Cs while before she was receiving Fs.  (*Id.* at 28, 352).  When she repeated first grade, she started receiving As and Bs.  (*See id.*).

The ALJ also concluded that plaintiff had less than marked limitation in attending and completing tasks.  (*Id.* at 29).  Her mother noticed improvement in this area with plaintiff's medication, *Taylor*, 782 F.2d at 1298, and her teacher noticed no problems in this domain.  (Adm. Rec. at 29, 232).  Her teacher noticed that plaintiff listened and focused at school and can follow directions.  (*Id.*).  During a consultative examination, plaintiff was able to follow directions and engage in appropriate conversation.  (*Id.* at 29, 350-52).

The ALJ also found that plaintiff had less than marked limitation in interacting and relating with others.  (*Id.* at 30).  She concluded that despite outbursts by plaintiff, her mother testified that she was sociable, had friends, was loving and caring, and participated in numerous extracurricular activities such as swimming and soccer.  (*Id.* at 30, 232, 352).  The records demonstrate that plaintiff is friendly, cooperative, and pleasant.  (*Id.* at 30).  Further, her teachers noticed no difficulty in this domain.  (*Id.*).  The ALJ also determined that plaintiff had no limitation in moving about and manipulating objects.  (*Id.*).  Plaintiff can care for herself and her health and physical well-being.  (*Id.* at 30-32, 352).  She can dress and wash herself and feeds herself independently.  (*Id.* at 352).

Plaintiff also contends that Fontenelle should not have filled out a form entitled Medical Source Statement of Ability to Do Work Related Activities ("Medical Source Statement").  Plaintiff maintains that because she is a child, her ability to work is irrelevant.  But plaintiff fails to note that Fontenelle also provided an entire Psychological Evaluation of her.  (*Id.* at 350-53).  And she fails

10

to support her argument as to why his completion of the Medical Source Statement would have been different had he used a different form.  Indeed, the Medical Source Statement contains generic fields such as "Understand and remember simple instructions" and "Carry out simple instructions."  (*Id.* at 347).  The Court fails to see how such fields would be any different for a child than for an adult. Both children and adults, for example, carry out simple instructions.

Plaintiff also argues that the state agency consultant, Charlotte Ducote, Ph.D., concluded that she had marked limitation in the field of acquiring knowledge, and the ALJ erred when she afforded more weight to the opinion of Fontenelle.  But for functional equivalence, the child's impairment(s) must result in "marked" limitation in *two* domains of functioning or "extreme" limitation in one domain.  20 C.F.R. § 416.926(a).  Ducote's finding is thus of no moment; she concluded only that plaintiff had a marked limitations in one field.

The Court recognizes that this case is a close call, but the ALJ has the sole responsibility of weighing the evidence, may choose whichever physician's diagnosis is most supported by the record, and may incorporate into her decision the limitations supported by that diagnosis or diagnoses. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991).  After consideration of the evidence as a whole, including the objective medical evidence and testimony at the hearing, the ALJ properly found that plaintiff did not functionally equal any of the listed impairments. (Adm. Rec. at 20-25). Accordingly, the ALJ's functional equivalence assessment, considering the six domains as required in the regulations, is supported by substantial evidence. The ALJ's ultimate determination that plaintiff's severe impairments did not meet, medically equal, or functionally equal the criteria of any listing, is supported by substantial evidence. As noted above, any of the

findings of fact by the ALJ that are supported by substantial evidence are conclusive. *See Ripley v. Chater*, 67 F.3d 552, 554 (5th Cir. 1995). Thus, the ALJ's decision to give more weight to the opinion of Fontenelle than to that of Ber is entitled to this Court's deference. *See Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001).

### VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of November, 2014.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**